```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 08-60323-CIV-ZLOCH
```

JEROME TESLER,

      Plaintiff,

                                                   **O R D E R**

vs.

COSTA CROCIERE S.p.A.,

      Defendant.

_____/

      THIS MATTER is before the Court upon Plaintiff Jerome Tesler's Motion To Compel The Defendant To Produce The M/V Costa Magica In Broward County, Florida For Inspection (DE 31).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      Plaintiff initiated the above-styled cause with the filing of his Complaint (DE 1) alleging negligence on the part of Defendant, a cruise line operator. Specifically, Plaintiff alleges that while on a cruise aboard the Costa Magica he slipped and fell on the floor of his cabin, which, unbeknownst to him, had been recently washed by an employee of Defendant.  This action is properly brought before the Court pursuant to its admiralty jurisdiction. 28 U.S.C. § 1333.

      On or about June 6, 2008, Plaintiff propounded interrogatories to Defendant.  One interrogatory sought to discover the dates that the Costa Magica would next be docked in the State of Florida prior to October 31, 2008.  Defendant responded on or about July 17, 2008, that the Costa Magica will not make port in the United States at any time before November.  Thereafter, Plaintiff's Counsel sent

a letter to Defendant's Counsel requesting, because the ship will not be in Florida, that Defendant photograph cabin #7294, including the wood floor in the entrance area.  DE 31, Ex. A.  The same letter indicated that such photographing by Defendant would obviate the need for Plaintiff to file a motion seeking permission of the Court to inspect the ship himself.  Defense Counsel responded that the Costa Magica is scheduled to remain in the Mediterranean Sea throughout this season, and that Defendant would assist in Plaintiff's own inspection of the ship prior to boarding or following disembarking while it is in port at Barcelona.  DE 31, Ex. B.  The instant Motion to Compel followed.

By the instant Motion (DE 31), Plaintiff seeks to enforce his right under Federal Rule of Civil Procedure 34(a)(2) to enter upon the Costa Magica, property controlled by Defendant, for the purpose of photographing it.  The Motion, by its terms, seeks an order from the Court to Defendant to produce the ship for inspection in the Southern District of Florida.  Plaintiff indicates in the instant Motion that he was willing to avoid the obvious expense of such production by having Defendant take the photographs on Plaintiff's behalf and at Plaintiff's expense.  In Defendant's Response (DE 33) it indicates that it is not required to litigate Plaintiff's case for him by taking pictures of the cabin.  DE 33, pp. 3-4.  Defendant also argues that the cost of "requiring a passenger ship to cross the Atlantic Ocean for a 30 minute inspection" would be an undue burden.  Id. p. 3.

Where entry onto an adverse party's property is sought, "the court must balance the degree to which the proposed inspection will

aid in the search for truth against the burdens and dangers created by inspection. . . .  Since the 1983 amendment to Rule 26(b)(2), however, the court has been directed to take issues of proportionality into account."  8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2214 (2d ed. 1994).  Defendant is an Italian cruise line operating both in Europe and out of the port of Port Everglades in Florida.  Moreover, the passenger contract memorialized in Plaintiff's ticket has a venue provision, drafted by Defendant, electing the courts of Broward County, Florida as the appropriate venue for any claims arising under the Parties' contract.  See Defendant's Answer, DE 4, ¶ 4.  Thus, Defendant's argument that it would constitute an undue burden to produce the ship in Florida is of little weight.

> The mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of the motion.  Rule 26(c) speaks of "undue burden or expense" and discovery has normally been allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery.

8A, Wright & Miller, supra.  The Court doubts litigating this case in the Southern District of Florida would have been the first choice of Plaintiff, a resident of the Commonwealth of Pennsylvania.  Defendant chose this forum, and it will bear the costs of doing so.

The Court will leave Defendant with three options regarding the instant Motion.  Those options are as follows: First, on or before Friday, November 14, 2008, Defendant shall produce the Costa Magica at Port Everglades for inspection by Plaintiff.  Second, on

or before Friday, November 14, 2008, Defendant shall produce photographs acceptable to Plaintiff of all areas of cabin #7294 of the Costa Magica designated by Plaintiff, including the wood floor in the entrance area.  Third, Defendant shall pay for Plaintiff's Counsel to fly to one of the Costa Magica's regularly scheduled ports of call to be personally inspected and photographed on or before Friday, November 14, 2008.  Defendant shall file a memorandum by noon on Wednesday, September 24, 2008, with the Clerk of this Court informing the Court and Plaintiff of its decision as to which option it chooses.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Jerome Tesler's Motion To Compel The Defendant To Produce The M/V Costa Magica In Broward County, Florida For Inspection (DE 31) be and the same is hereby **GRANTED** as follows:

1. By noon on Wednesday, September 24, 2008, Defendant shall file with the Clerk of this Court a memorandum designating which option delineated above it will choose;

2. Upon failure of Defendant to comply with the terms and conditions of this Order, Defendant shall be deemed to have elected the third option.  Upon such election, Defendant shall permit the inspection and photographing of cabin # 7294 of the Costa Magica at a time, date, and location convenient to the Parties on or before Friday, November 14, 2008;

3. Upon such election of the third option, all costs of inspection of the Costa Magica, including travel, shall be borne by Defendant Costa Crociere, S.p.A.;

4. Pursuant to Federal Rule of Civil Procedure 37, by <u>noon</u> on <u>Wednesday, September 24, 2008</u>, Defendant shall file with the Clerk of this Court a Memorandum showing good cause for necessitating Plaintiff's filing of the instant Motion (DE 31); and

5. Pursuant to Federal Rule of Civil Procedure 37, by <u>noon</u> on <u>Wednesday, September 24, 2008</u>, Plaintiff shall file with the Clerk of this Court a Memorandum together with supporting Affidavits and Exhibits consistent with Local Rule 7.3.B of the United States District Court for the Southern District of Florida establishing the fees and costs incurred in the preparation and execution of the instant Motion (DE 28).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this   19th   day of September, 2008.

_/s/ William J. Zloch_
WILLIAM J. ZLOCH
United States District Judge

Copies Furnished:

All Counsel of Record