UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60323-CIV-ZLOCH

JEROME TESLER,

    Plaintiff,

**O R D E R**

vs.

COSTA CROCIERE S.p.A.,

    Defendant.
_____/

THIS MATTER is before the Court upon Plaintiff Jerome Tesler's Memorandum And Compliance With Court Order (DE 48), which the Court construes as a Motion For Attorney's Fees. The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

By prior Order (DE 46) the Court granted Plaintiff's Motion To Compel (DE 31). Plaintiff now moves for his attorney's fees incurred in the preparation and execution of said Motion (DE 31).

The award of attorney's fees is mandatory under Federal Rule of Civil Procedure 37(a)(5) upon the granting of a motion to compel unless the opposing party's non-disclosure was substantially justified or other circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). By Plaintiff's prior Motion To Compel (DE 31), he was seeking to obtain photographs of Defendant's vessel, especially Plaintiff's cabin therein. In informal dialogue, Defendant indicated that the vessel at the heart of this action is in the Mediterranean Sea and will remain there through winter. DE 31, Ex. B. Having conferred with Counsel, Plaintiff

was unable to persuade Defendant to take the photographs and send them to him, all at Plaintiff's expense.  Thus, Plaintiff filed the Motion (DE 31), seeking an order compelling Defendant to produce the vessel in Florida for photographing, or to other the photographs by other means.

In granting said Motion (DE 31), the Court found that Defendant's decision to require this action to be tried in this venue required it to participate fully in efficient pretrial discovery in this venue.  See DE 46, pp. 2-3.  In its Response (DE 33) to the Motion (DE 31), Defendant indicated that the Rules do not require it to photograph the vessel for Plaintiff, despite its removal of the same from the jurisdiction.[1]  The Court notes that discovery, especially in the Southern District of Florida, "is normally practiced with a spirit of cooperation and civility." S.D. Fla. L.R. Gen. Appx. A.I.A.1; see Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."); Ward v. Estaleiro Itajai S/A, 541 F. Supp. 2d 1344, 1353-54 (S.D. Fla. Mar. 31, 2008) (discussing the Rules' intended limited court involvement in discovery).  Defendant argued that it would be less expensive for Counsel to fly to Spain to photograph the vessel than to transport the vessel across the Atlantic Ocean to have it photographed here.  DE 33, p. 2.  However, by the same

---

[1] The Court does not imply that the vessel's removal was done improperly.

2

logic, sending photographs taken abroad to Plaintiff should be even less expensive than having Counsel fly to Spain to obtain them personally.  Defendant's decision to take and send the photographs to Plaintiff, DE Nos. 52 & 56, was the proper course.

With regard to the relief sought by Plaintiff's prior Motion (DE 31), an order requiring Defendant to produce the vessel in Florida, the Court notes that it would be within its discretion to require the same.  Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982) (holding that the district court properly sanctioned a party, who offered to make 4 million files available at their offices in London, for failing to produce the documents for inspection in Pennsylvania); La Chemise Lacoste v. General Mills, Inc., 53 F.R.D. 596, 604 (D. Del. 1971) (denying objection to producing documents in the United States as opposed to France because "[t]here is no affidavit in the record indicating the bulk or cost of shipping the documents here and really no factual basis on which the Court may sustain the objection"), cited in 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2214 n.40 (2d ed. 1994).  Thus, the Court finds that Defendant's position with regard to the discovery Motion (DE 31) at issue was not substantially justified, and no circumstances have been shown that would make such a sanction unjust.  Accordingly, a sanction is to be imposed.  Fed. R. Civ. P. 37(a)(5)(A).

While the award of attorney's fees is required, the Court has a duty to make sure that such an award is reasonable.  See Hensley

v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what fees to assess is vested in the sound discretion of the Court. Further,

> it generally is recognized that the federal courts should exercise care and restraint when awarding attorney's fees. Undue generosity might encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts. Were this to become a widespread practice both the American system of civil litigation and the legal profession might fall into public disrepute.

10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). Here the Court is satisfied that a reasonable lodestar for Mr. Barry L.

Meadow, Esq. is $300.00 per hour.

Once the lodestar is set, the Court must determine the reasonable number of hours incurred in making the motion. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. Id. If the applicant fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." Id.

The instant Motion (DE 48) seeks 2.0 hours for the preparation and execution of Plaintiff's Motion To Compel (DE 31). The Court finds that this is a reasonable amount of time.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Jerome Tesler's Memorandum And Compliance With Court Order (DE 48), which the Court construes as a Motion For Attorney's Fees, be and the same is hereby **GRANTED;** and

2. Plaintiff Jerome Tesler does have and recover from

5

Defendant's Counsel Richard J. McAlpin, Esq., of the firm of McAlpin & Conroy, P.A., the sum of $600.00 ($300.00 x 2.0 hours), for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___6th___ day of October, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record