```
             UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF FLORIDA

           CASE NO. 08-60323-CIV-ZLOCH
```

JEROME TESLER,

    Plaintiff,

                                      **O R D E R**

vs.

COSTA CROCIERE S.p.A.,

    Defendant.

_____/

    THIS MATTER is before the Court upon Plaintiff Jerome Tesler's Motion To Strike The Defendant's Pleadings (DE 37), Plaintiff Jerome Tesler's Further Motion To Strike The Defendant's Pleadings (DE 40), which the Court construes as a Motion To Compel Better Responses, and Plaintiff Jerome Tesler's Motion For Entry Of An Order Striking The Defendant's Pleadings By Default (DE 47).  The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause with the filing of his Complaint (DE 1) alleging negligence on the part of Defendant, a cruise line operator.  Specifically, Plaintiff alleges that he slipped and fell on the floor of his cabin, which, unbeknownst to him, had been recently washed by an employee of Defendant.

    On or about June 6, 2008, Plaintiff propounded his First Request for Production of Documents to Defendant, seeking policies and instructions of Defendant pertaining to the care and cleaning of floors aboard its ships.  See DE 28, pp. 4-5.  Plaintiff also

sought any statements and reports of the accident that may have been made by any employees, eye witnesses, the cleaning staff, or security staff. Id., p. 5. Defendant failed to timely produce any documents and failed to move this Court for an extension of time in which to produce the same.

Plaintiff filed a Motion To Compel (DE 28) seeking the above-referenced information. The Court granted the same and ordered Defendant to produce the information sought by noon on August 27, 2008. DE 32. On August 29, 2008, Plaintiff filed the instant Motion To Strike (DE 37) for Defendant's failure to timely produce the discovery. Several days later, Defendant filed a Notice Of Compliance (DE 38), informing the Court that it had turned over requested discovery. Thus, the Motion (DE 37) is moot, but a sanction is required for the late disclosure. Fed R. Civ. P. 37(b)(2)(C).[1]

A few days subsequent to the filing of Defendant's Notice (DE 38), Plaintiff filed his Further Motion To Strike (DE 40) arguing that the information referenced by the Notice (DE 38) is still not

---

[1] By prior Order (DE 45) the Court awarded attorney's fees to Plaintiff for the fees incurred as a result of Defendant's necessitating a motion to compel to be filed. See Fed. R. Civ. P. 37(a)(5)(A). Defendant argues in its Response (DE 51) that it thereby has already been punished for its delayed turning over of the discovery now at issue in response to the Court's order compelling it. DE 51, ¶ 6. It is obvious that the sanction awarded by the Court's prior Order (DE 45) is unrelated to Defendant's failure timely make its disclosure in response to the Court's Order (DE 32) compelling it. Thus, an additional sanction is proper. Fed. R. Civ. P. 37(b)(2)(C).

complete. Specifically, Plaintiff complains that no document produced relates to Defendant's procedures regarding the cleaning of cabin rooms and safety precautions. DE 40, ¶ 3. Plaintiff indicates that only eight (8) out of forty-six (46) pages of its Housekeeping manual have been provided. Thus, though it is styled as motion to strike Defendant's pleadings, it is in reality more in the nature of a motion to compel better responses.

The party seeking to compel better discovery responses bears the burden of establishing that the same are inadequate. Alexander v. F.B.I., 188 F.R.D. 111, 115-16 (D.D.C. 1998). In its Response (DE 51) to the Further Motion To Strike (DE 40), Defendant argues that it produced all responsive documents in its possession. In his Reply (DE 57), Plaintiff reiterates that only a portion of the Housekeeping Manual was provided and that the Defendant was required by prior Order (DE 32) to provide the whole thing. Plaintiff filed the discovery he received for the Court's review in ruling on the instant Motions. DE 59.

After reviewing the documents provided, the Court finds that Plaintiff has failed to establish that the discovery responses are inadequate. The documents provided clearly relate to the manner and means by which Defendant cleans its vessels, which is the information Plaintiff sought. As stated above, Defendant states in its Response (DE 51) that it provided all responsive information in its possession. Plaintiff has failed to establish that this is not

true.[2]  Thus, his instant Further Motion To Strike (DE 40) will be denied.

Plaintiff also filed the instant Motion For Entry Of An Order Striking The Defendant's Pleadings By Default (DE 47), arguing that Defendant failed to respond to either of the two Motions To Strike (DE Nos. 37 & 40) within the time prescribed by law.  Because the Court deems Defendant's response timely filed, this Motion (DE 47) will be denied as moot.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Jerome Tesler's Motion To Strike The Defendant's Pleadings (DE 37) be and the same is hereby **DENIED** as moot;

2. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), by <u>noon</u> on <u>Tuesday, October 14, 2008</u>, Plaintiff shall file with the Clerk of this Court a Memorandum together with supporting Affidavits and Exhibits consistent with Local Rule 7.3.B of the Untied States District Court for the Southern District of Florida establishing the costs and fees incurred in the preparation and execution of Plaintiff's Motion To Strike (DE 37);

3. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), by

---

[2] Plaintiff argues that the Housekeeping Manual is forty-six (46) pages, but only eight (8) have been produced.  DE 57, ¶ 2. After reviewing the materials disclosed and considering Plaintiff's argument, the Court is still unable to discern any way to tell that the documents produced are only a portion of a forty-six (46) page manual.  For that reason, Plaintiff has failed to meet his burden.

noon on Tuesday, October 14, 2008, Defendant shall file with the Clerk of this Court a Memorandum establishing good cause why attorney's fees should not be awarded to Plaintiff;

4. Plaintiff Jerome Tesler's Further Motion To Strike The Defendant's Pleadings (DE 40), which the Court construes as a Motion To Compel Better Responses, be and the same is hereby **DENIED**;

5. Defendant's Response (DE 51) be and the same is hereby deemed timely filed; and

6. Plaintiff Jerome Tesler's Motion For Entry Of An Order Striking The Defendant's Pleadings By Default (DE 47) be and the same is hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this   6th   day of October, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies Furnished:

All Counsel of Record