UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60323-CIV-ZLOCH

JEROME TESLER,

       Plaintiff,

vs.

**FINAL JUDGMENT**
<u>Re: COSTS</u>

COSTA CROCIERE S.p.A.,

       Defendant.
_____/

     THIS MATTER is before the Court upon Plaintiff Jerome Tesler's Motion To Tax Litigation Costs (DE 110). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

     Following a two-day bench trial, the Court entered Final Judgment (DE 107) in favor of Plaintiff Jerome Tesler and against Defendant Costa Crociere, S.p.A. Plaintiff now moves to recover his costs. Throughout his Motion and Reply (DE 121), Plaintiff constantly lobbies for special treatment not accorded to other litigants under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. He bases much of his Motion and Reply on two arguments. First, Defendant hauled Plaintiff into this venue and so should be charged with costs beyond those prescribed in § 1920. Second, Defendant engaged in sanctionable discovery conduct in the Summer of 2008 and so should be charged with costs beyond those permitted by § 1920. Neither is persuasive.

     As to his first argument: Venue has no bearing on the taxation of costs under § 1920. That statute does not condition taxability

of costs on whether the venue is close to the plaintiff's domicile or who chose the venue.  It simply states that certain costs are taxable and others are not.[1]

As to his second argument: In awarding costs, the Court is not concerned here with the Parties' prior discovery dealings.  It is true that in a prior Order the Court noted its displeasure with Defendant's contentions that it need not comply with its discovery obligations because its actions have made it more burdensome to do so.  See DE 46.[2]  The Court, however, was in no way ruling that all geographically related litigation burdens incurred by either Party would ultimately be borne by Defendant because of the venue

---

[1] Moreover, Plaintiff mischaracterizes how this venue was chosen. He argues that Defendant chose the forum and Plaintiff was drawn unwittingly into it. DE 110, pp. 3-6; DE 121, pp. 3, 6-7. However, this is really a mischaracterization of how venue was elected. Plaintiff was a voluntary and fare-paying passenger aboard one of Defendant's cruise ships. On the ticket were the terms of the Parties' contract of carriage, one of which was a venue provision stating that all actions must be filed in a court in Broward County, Florida. DE 17, ¶ 4. True, Defendant selected the forum when it pre-printed the ticket, but Plaintiff agreed to the terms when he set sail aboard the ship. Nowhere in the record is there any indication that Plaintiff was forced to take part in the cruise. Thus, Plaintiff's attempt to depict this non-negotiated contract as a woe-is-me reason for the Court to depart from the meaning of § 1920 is meritless.

[2] In that instance, Defendant argued that it was not obligated under Federal Rule of Civil Procedure 34(a)(2) to allow Plaintiff to inspect the subject vessel because Defendant moved it halfway around the globe as part of its normal business operations. The Court noted that Defendant elected this forum when it pre-printed the ticket, and so must either go above and beyond its discovery obligations and assist the Plaintiff in photographing the vessel, or comply with its duty to allow inspection in the forum, at its discretion. DE 46, pp. 3-4.

provision.

These two arguments, venue and discovery, are misapplied to the instant Motion seeking an award of costs. Indeed, the cost shifting scheme of Rule 54 and § 1920 is a different animal entirely than both the discovery provisions of Rules 26-37 and the private contractual dealings of the Parties regarding venue. Thus, arguments like the following are the most puzzling: "Plaintiff concedes that these expenses are not referred to in 28 U.S.C. § 1920, but that is <u>not</u> the point or issue regarding the taxation of these costs." DE 121, p. 6 (emphasis in original). That is not the law. "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs. Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920." <u>Mathews v. Crosby</u>, 480 F.3d 1265, 1276 (11th Cir. 2007) (citations omitted). The Court is bound by the terms of § 1920, as interpreted by the Eleventh Circuit and Supreme Court. Plaintiff's attempt to recover costs not authorized by § 1920 will not succeed.

While limiting Plaintiff's recovered costs to the categories of § 1920, some of the costs sought are legitimately recoverable. The Court will address them using the numbering scheme supplied in Plaintiff's Bill of Costs. DE 110, p. 8. The first item, the filing fee of $350.00, is recoverable. 28 U.S.C. § 1920(1). Next, Plaintiff seeks to recover $80.00 charged by a private process server. Defendant argues that only the marshal's fee is permitted under § 1920. DE 115, pp. 5-6. By the terms in that statute, this is true. Perhaps for this reason, Plaintiff purports to waive this

claim. DE 121, p. 2. However, in fidelity to the law, the Court notes that just shy of a decade ago the Eleventh Circuit held that the fees of a private process server are recoverable under § 1920. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). Therefore, the Court will award to Plaintiff the now-properly recoverable cost of a private process server. It appears, however, that the cost was only $40.00, though Plaintiff incurred it twice. See DE 122, pp. 5-6. Without explanation for the double charge, the Court will award only half of the $80.00 sought.

Items 3, 4, 5, 6, 7, 9, and 13 seek reimbursement for costs of obtaining copies of Plaintiff's medical records and X-rays. While copying costs are recoverable under § 1920, as "with depositions, in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W&O, Inc., 213 F.3d at 623. After such a review, the Court finds that these costs are recoverable under § 1920(4).

Plaintiff also seeks, in items 14-18, reimbursement for the costs of deposing several witnesses. As a general statement, the Court finds that charges for the depositions in question are compensable because they were necessarily incurred. 28 U.S.C. § 1920(2); 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2676 (1998). The question, then, is how much of each charge is properly awarded under Rule 54(d). Both stenographically recorded transcripts and videotaping services for depositions are compensable. 28 U.S.C. § 1920(2); Morrison v. Reichhold Chemicals,

Inc., 97 F.3d 460, 464-66 (11th Cir. 1996). The only compensable cost regarding transcripts, though, is for those "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Thus, only one copy of each transcript is recoverable, and the several additional copies of certain deposition transcripts obtained by Plaintiff will not be awarded. See DE 122, p. 17 (original and one copy for $534.75 total); DE 123, p. 5 (in addition to two originals, two compressed transcripts and ASCII/CD for both ordered). These costs (half of $534.75 and $75.00, respectively) for duplicate transcripts will not be awarded. The other deposition costs, including one copy of the transcript and all videographer fees, will be awarded because they are incidental to obtaining electronically recorded transcripts. 28 U.S.C. § 1920(2).

In item 19, Plaintiff seeks to recover copying costs for trial exhibits. As Defendant does not object, the $438.76 will be awarded. 28 U.S.C. § 1920(3), (4).

In item 8, Plaintiff seeks to recover the $300.00 it cost him to translate a portion of Defendant's Housekeeping Manual from Italian into English. Defendant argues that § 1920 allows the award of costs for live interpreters, but not translation services. See DE 115, pp. 7-8. This accords with the statute, which uses the term "interpreters." 28 U.S.C. § 1920(6). In fact, the list of compensable fees in § 1920(6) deals exclusively with live individuals (experts and interpreters), and not services provided by a private company to translate documents. It remains an open

5

question in the Eleventh Circuit whether translation services are compensable, and the other Circuits are split. The Seventh Circuit has ruled that translation services are not compensable under § 1920(6). See Extra Equipamentos E Exportacao, Ltda. v. Case Corp., 541 F.3d 719, 727-28 (7th Cir. 2008). To the contrary, the Sixth Circuit found no abuse of discretion in awarding such translation costs under § 1920(6). See BDT Products, Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 419 (6th Cir. 2005). The Court finds that the Seventh Circuit has the better argument. Thus, the $300.00 translation cost sought by item 8 will be disallowed.

Plaintiff seeks in item 20 to recover $1,595.00 spent to hire someone to play the videotape of the deposition of Fe Trinidad during trial. Plaintiff argues that this fee is compensable because the Court instructed the Parties that it would view the videotaped deposition in open court, which it did. But, he erroneously relies on this fact as the basis for arguing that the fees he incurred in hiring a video services company to play the video for him are recoverable. While it may have been a prudent decision to hire a professional to ensure that the video was played without incident, the video equipment, strictly speaking, could have been operated by Counsel himself or any other person. The hiring of the video services company was thus done for convenience. Indeed, the Eleventh Circuit has found "nothing in § 1920, the Federal Rules of Civil Procedure, or case law to support the taxation of costs for equipment rental or fees charged by a videographer for playback of video depositions at trial."

6

Reichhold Chemicals, Inc., 97 F.3d at 465-66.  Therefore, the Court declines to award the costs sought in item 20.

In item 12, Plaintiff seeks to recover the $3,000.00 Dr. Menio charged for his deposition.  He argues that because Dr. Menio's "videotaped deposition in Pennsylvania was crucial to Plaintiff's case," DE 121, p. 3, he is entitled to reimbursement.  However, the weight of a witness's testimony is not a factor considered in determining whether the cost incurred therefor can be taxed.  Indeed, the Supreme Court has held that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witnesses as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920."  Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  Thus Dr. Menio's witness fees are limited by § 1821 to one day's fee of $40.00.  Id.; 28 U.S.C. § 1920(3).[3]

Plaintiff also seeks to recover a number of items solely because he, a Pennsylvanian, was forced to litigate this claim in Florida by virtue of the Parties' forum selection clause.  He does this, curiously, without citation of Rule 54 or § 1920.  For this reason, these claims fail.  "[A]bsent a special statute or an

---

[3] Though he did not make the argument explicitly, it appears that Plaintiff may have intended to argue that Dr. Menio was an expert witness and that his fees are thus compensable under § 1920(6).  However, the statute only allows the taxation of expert witness fees for "court appointed experts."  28 U.S.C. § 1920(6).  The Court did not appoint Dr. Menio as an expert witness.  Thus, Plaintiff cannot recover more than $40.00 per day for him. Reichhold Chemicals, Inc., 97 F.3d at 463.

exceptional exercise of judicial discretion, items such as . . . travel expenditures . . . will not qualify either as statutory fees or reimbursable costs. These expenses must be borne by litigants." 10 Wright & Miller, supra § 2666. For this reason, arguments like the following fall on deaf ears: "[T]hese expenses are not referred to in 28 U.S.C. § 1920, but that is not the point or the issue regarding the taxation of these costs." DE 121, p. 6. Inclusion in § 1920 is the point——the only point. Crosby, 480 F.3d at 1276. Items 11, 21, 23, 24, and 25 will be disallowed because they are travel expenditures not delineated in § 1920. See DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 240 (N.D. Ga. 1993). Plaintiff also seeks to recover $350.00 in item 22 for long distance telephone charges and $353.00 in item 10 for the mediation fee. These are not recoverable under § 1920 and will be disallowed.

To recap: of Plaintiff's Bill of Costs (DE 110, p. 8), items 1, 3, 4, 5, 6, 7, 9, 13, 15, 16, 17, and 19 are allowed in their entirety; items 2 and 12 are reduced to $40.00 each; item 14 is allowed, less $267.38 (half of $534.75); item 18 is allowed, less $75.00 (for duplicate and ASCII/CD transcripts); and items 8, 10, 11, and 20-25 are disallowed in their entirety.

Why Plaintiff has attempted to recover beyond $40.00 for item 12, and anything for items 10, 11, 20, 21, 22, 23, 24, and 25, and why the Court was forced to take time to address these items, when § 1920 and controlling case law are so clear is a mystery. Too much work went into this matter, both from the lawyers and the

Court.  The Court's time is better spent adjudicating——and clients' money is better spent paying lawyers to argue——actual, good faith factual or legal disputes.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Jerome Tesler's Motion To Tax Litigation Costs (DE 110) be and the same is hereby **GRANTED**; and

2. Pursuant to Federal Rule of Civil Procedure 54(d), Plaintiff Jerome Tesler does have and recover from Defendant Costa Crociere, S.p.A. the sum of $3,413.81 in costs, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___29th___ day of June, 2009.

                                               WILLIAM J. ZLOCH
                                               United States District Judge

Copies furnished:

All Counsel of Record